**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56754-7-II |
| Respondent, | |
| v. | |
| RICHARD ELIOT YORK, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — Richard York appeals his sentence arguing that the trial court erred in including one point in his offender score for his being on community custody at the time of his offense. His community custody was based on a conviction for unlawful possession of a controlled substance, a vacated and void conviction. The State concedes this error. We accept the State's concession and remand this case for resentencing.

FACTS

In 2007, York pleaded guilty to one count of unlawful possession of a controlled substance and one count of possession of stolen property in the first degree. York's sentence included 12 months of community custody based on his unlawful possession conviction.

In 2009, York was convicted of three counts of rape of a child in the second degree. The trial court set York's offender score at 10 points. York's offender score included one point for his previous unlawful possession of a controlled substance conviction and one point for committing the current offense while on community custody.

Following our Supreme Court's decision in *State v. Blake*,[1] York's unlawful possession of a controlled substance conviction was deemed unconstitutional and was vacated. Subsequently, York filed a CrR 7.8 motion to modify his judgment and sentence, arguing that his vacated conviction resulted in an incorrect offender score. The trial court granted York's motion.

At resentencing, York argued that the trial court should not include an offender point based on his community custody because the trial court vacated his underlying unlawful possession conviction. The trial court disagreed and included the additional point to York's offender score.

York appeals his sentence.

ANALYSIS

York argues that "the court improperly included a point in [his] offender score based on community custody imposed as part of his unconstitutional prior conviction." Br. of Appellant at 2. The State concedes "that subsequent, controlling caselaw requires that the community custody point be removed from [York's] offender score and that he should be resentenced under the corrected offender score." Br. of Resp't at 1. We agree.

We have addressed this exact issue in *State v. Rahnert*, 24 Wn. App. 2d 34, 38, 518 P.3d 1054 (2022), holding "that the sentencing court properly declined to add an offender score point because [the defendant] committed [a] new offense while on community custody for a void conviction for possession of a controlled substance." In reaching this holding, we adopted the reasoning of Division One in *State v. French*,[2] which came to the same conclusion. *Id*.

---

[1] 197 Wn.2d 170, 195, 481 P.3d 521 (2021) (holding that Washington's strict liability drug possession statute "violates the due process clauses of the state and federal constitutions and is void").

[2] 21 Wn. App. 2d 891, 508 P.3d 1036 (2022).

Here, York's community custody term was imposed based on his conviction for unlawful possession of a controlled substance. *Blake* invalidated York's conviction. Accordingly, York's term of community custody is void and may not be considered in computing his offender score. Thus, the trial court erred in including one point to York's offender score based on his community custody status.

CONCLUSION

We hold that the trial court erred in including a point to York's offender score based on his community custody for a vacated conviction. Accordingly, we remand for the trial court to correct York's offender score and resentence him based on the corrected score.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Glasgow, C.J.

Price, J.

3